DAVID A. ROSENBERG
Nevada Bar No.: 10738
US BANKRUPTCY TRUSTEE
5030 Paradise Road., #B-215
Las Vegas, Nevada 89119
Phone: (702) 405-7312
Fax: (702) 947-2244
darosenberg@7trustee.net

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| In Re:<br>**LOPEZ, SANDRA**<br><br>**Debtor(s)** | Case No.: BK-S-10-18647 BTB<br>Chapter 7<br><br>Hearing Date : N/A<br>Hearing Time: N/A |
|---|---|

## TRUSTEE'S REPORT OF SALE

Pursuant to F.R.B.P. 6004(f), the Trustee hereby reports the results of the sale following the *Trustee's Motion To Sell Assets Of The Estate Free And Clear Of Liens And Encumbrances Or, In The Alternative, Motion To Sell Subject To Any And All Liens And Encumbrances – Real Property [6138 Meadow View Lane, Las Vegas, NV 89103],* which was granted by Court Order entered March 12, 2014 [Dkt. No. 110].

The § 363(b) Buyer, as listed on the Residential Purchase Agreement, is purchasing the property **SUBJECT TO ALL EXISTING LIENS, INTERESTS, ENCUMBRANCES, AND CLAIMS, WITHOUT WARRANTY, IN "AS IS" CONDITION** for a purchase price of $2,700.00. The Residential Purchase Agreement is attached as Exhibit 1.

The Trustee declares the foregoing is true and correct under penalty of perjury.
**DATED** this Monday, April 14, 2014.

      Respectfully Submitted:
      By:   /s/ *David A. Rosenberg*
      David A. Rosenberg
      Panel Bankruptcy Trustee

1

# EXHIBIT 1

## RESIDENTIAL PURCHASE AND SALE AGREEMENT

This PURCHASE AND SALE AGREEMENT ("Agreement") is made and entered into as of February 17th, 2014 ("Effective Date"), by and between **David A. Rosenberg** ("Seller"), as Trustee for the chapter 7 estate ("Estate") of Sandra Lopez ("Debtor"), Case Number 10-18647-BTB ("Bankruptcy"), and Wishing Well Property Investments, LLC Series 3 ("Buyer"). Seller and Buyer are sometimes referred to herein as "party" and "parties".

### Recitals

A.  Debtor is the owner of that certain residential property in Clark County, Nevada, commonly known as 6138 Meadow View Lane, Las Vegas, NV 89103, Nevada, APN 163-14-617-018 ("Property").

B.  Pursuant to the Bankruptcy, Debtor's assets are under the jurisdiction of the bankruptcy court.

C.  Seller deems it to be in the best interest of the Debtor's Estate to enter into this Agreement.

D.  Pursuant to the foregoing, Seller desires to sell to Buyer, and Buyer desires to purchase from Seller, WITHOUT WARRANTY, whether express or implied, all of the Estate's right, title and interest in and to the Property, in AS-IS, WHERE-IS condition, with all faults and SUBJECT TO any and all claims, liens, and other encumbrances of record.

### Agreement

NOW, THEREFORE, in consideration of the foregoing recitals which are hereby incorporated herein by this reference, the mutual covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.  *Condition Precedent.* As a condition precedent to this Agreement becoming effective, the bankruptcy court shall have approved the contents hereof and entered an order confirming the same. In the event that the bankruptcy court does not approve the terms and conditions hereof and the transactions contemplated hereby, neither party shall have any rights or obligations hereunder.

2.  *Purchase of Property.*

    a.  *Sale and Purchase.* At the Closing (defined below), Buyer shall purchase from Seller, and Seller shall sell, convey, and assign to Buyer, all of the Estate's right, title and interest in and to the Property in consideration for the purchase price of $ 2,700.00 ("Purchase Price"), which Purchase Price shall be due and payable in cash or other immediately available funds and delivered to Seller on or before Closing.

    b.  *Closing.* The consummation of the transactions contemplated hereby ("Closing") shall take place as soon as is reasonably practicable. The date on which Closing actually occurs shall be referred to herein as the "Closing Date".

    c.  *Escrow Instructions.* Escrow is not anticipated. However, in the event that escrow is opened to facilitate this transaction, the Agreement will constitute escrow instructions. Buyer and Seller may also execute such reasonable escrow instructions as escrow may require if there are inconsistencies in this Agreement.

    d.  *Disclosures.* Any and all disclosures required by applicable law for the benefit of Buyer are hereby waived. The foregoing waiver, includes, without limitation, any and all disclosures required by NRS 113.130 and NRS 113.140 and all disclosures required for common interest communities under NRS Chapter 116.

  e. *Title Review.* Buyer may obtain title insurance in connection with its acquisition of the Property; provided, however, that any costs shall be solely borne by Buyer and this shall not delay the Closing.

  f. *"AS IS, WHERE IS"*. BUYER IS A SOPHISTICATED INVESTOR AND ITS VALUATION OF AND DECISION TO PURCHASE THE PROPERTY IS BASED UPON ITS OWN INDEPENDENT EXPERT EVALUATIONS OF SUCH FACTS AND MATERIALS DEEMED RELEVANT BY BUYER. ACCORDINGLY, TO THE FURTHEST EXTENT PERMITTED, THE PROPERTY IS TO BE SOLD TO BUYER IN ITS PRESENT CONDITION, AS IS, WHERE-IS, WITH ALL FAULTS, AND WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, WHETHER EXPRESS OR IMPLIED. SELLER MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND TO BUYER, INCLUDING, WITHOUT LIMITATION, THE PHYSICAL CONDITION OF THE PROPERTY AND ANY IMPROVEMENTS LOCATED THEREON OR THE MARKETABILITY OF TITLE TO THE PROPERTY. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, BUYER ACCEPTS TITLE TO THE PROPERTY SUBJECT TO ANY AND ALL CLAIMS, LIENS, AND OTHER ENCUMBRANCES OF RECORD. THESE PROVISIONS ARE A MATERIAL PART OF THE CONSIDERATION FOR AND INDUCEMENT TO SELLER'S ENTERING INTO THIS AGREEMENT AND SHALL SURVIVE THE CLOSING.

  g. *Full Power and Authority.* Unless specifically limited by the bankruptcy court order, Buyer will take title to the Property SUBJECT TO ANY AND ALL CLAIMS, LIENS, AND OTHER ENCUMBRANCES with the full power and authority to improve, subdivide, protect, conserve, contract, sell, lease, encumber and otherwise manage and dispose of the Property or any part thereof, to make decisions for and negotiate regarding the Debtor's and the Estate's interests in any contract, mortgage, or lien on the Property, to sell on any terms, to transfer, to mortgage, to pledge or otherwise encumber the Property, or any part thereof, to lease said Property or any part thereof upon any terms and for any period or periods of time, to renew or extend leases upon any terms and for any period or periods of time, to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter, to release, convey or assign any right, title or interest in or about said premises or any part thereof, and to deal with said Property and every part of the Debtor's and Estate's interests thereof in all ways and for such considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

  3. *Deliveries at Closing; Closing Obligations.* On or before the Closing Date, the parties will deliver the following:

  a. *Buyer Deliveries.* Buyer will deliver: (i) The Purchase Price in cash or other immediately available funds and (ii) Such other documents and instruments required by this Agreement or as Seller or bankruptcy court may reasonably require in order to consummate the transactions contemplated hereby.

  b. *Seller Deliveries.* Seller will deliver: (i) A Trustee's Quitclaim Deed originally executed and acknowledged by Seller conveying the Property to Buyer ("Deed"); (ii) A Declaration of Value evidencing the Purchase Price ("DOV"); and (iii) Such other documents and instruments required by this Agreement or as Buyer or bankruptcy court may reasonably require in order to consummate the transactions contemplated hereby.

  4. *Due Diligence Period.* Notwithstanding anything to the contrary contained herein, Buyer shall have the period of time before Buyer's delivery of the Purchase Price to Seller to conduct any inspections related to the Property deemed necessary or desirable by Buyer. Buyer may terminate and/or cancel this Agreement for any or no reason before expiration of the Due Diligence Period by providing written notice to Seller, in which case, no party shall have any further rights or obligations hereunder. Expiration of the Due Diligence Period will occur automatically and immediately upon Buyer's delivery of the Purchase Price to Seller, regardless of whether this delivery is made before the Closing Date and even if Seller has not yet completed its own delivery obligations.

5. *Prorations, Payments, and Costs.* There shall be no prorations of any costs or fees attributable to the Property at Closing, all of which shall be Buyer's responsibility. All costs, charges, credits and prorations contemplated by this Agreement will be paid by Buyer, including, without limitation: (i) real property transfer tax, (ii) the owner's title insurance policy, if applicable; (iii) recording fees; and (iv) escrow's fees, if applicable.

6. *Recordation Required After Closing.* At Closing, Seller will have provided Buyer with the Deed, the DOV, and the bankruptcy court order approving the sale ("Documents"); these must be recorded with the Clark County Recorder's Office no later than fourteen (14) days after delivery to Buyer. By accepting the Documents, Buyer agrees that it is solely responsible for ensuring this timely recordation and for presenting evidence of this timely recordation to Seller within twenty (20) days of the aforementioned delivery. Failure to timely record shall automatically void the Buyer's Documents, meaning any attempt to record them after the fourteen (14) days has expired shall provide Buyer no legal basis to successfully transfer the Estate's ownership and interest in the Property. Failure to timely record shall also automatically result in a complete forfeiture to Seller of all monies paid by Buyer. Additionally, failure to timely record shall immediately permit Seller to resell the Property to someone other than Buyer and provide a purchaser with new Documents to record. Finally, Buyer understands and acknowledges that, should the Clark County Recorder and/or Assessor be faced with two parties who have recorded or are attempting to record conflicting Documents, the Documents bearing the most recent date will be the only ones authorized under this Agreement; all earlier Documents are deemed void and rescinded.

7. *No Brokers.* Each party hereby represents and warrants that it has had no dealings with brokers or other agents in connection with this Agreement or with the transaction contemplated herein.

8. *No Representations by Seller.* Except to the extent that any representation is otherwise specifically set forth in this Agreement, Seller has not made and does not make any representations as to liens, encumbrances, interests, physical condition, rents, leases, expenses, operations, short sales, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property or this transaction, which might be pertinent to the purchase of the Property or the execution of this Agreement, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance of the Property, in its current or any future state, with applicable zoning ordinances and the ability to obtain a change in the zoning or a variance in respect to the Property, or noncompliance, if any, with said zoning ordinances; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the present and future condition and operating state of any and all machinery and equipment on the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal property on the Property; (viii) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency, association or board and any violations thereof; (ix) the status of any leases or occupancy thereunder; or (x) the compliance with any environmental laws, any hazardous materials anywhere on the Property. Buyer hereby expressly acknowledges that no such representations have been made and that no financial or legal advice has been given by the Seller.

9. *Breach of Agreement; Remedies.* In the event that either party ("Defaulting Party") shall commit a default or breach of one of the material terms or conditions contained herein, the other party ("Non-defaulting Party"), after providing written notice to the Defaulting Party and a five (5) day opportunity to cure, shall be entitled to pursue any and all rights and/or remedies hereunder, at law and/or in equity. That said, failure to fulfill any of the obligations described under Recordation Required After Closing shall be deemed an automatic default and breach of a material term, one entitling Seller to void the Agreement, rescind all Documents delivered, and immediately resell the Property, all without providing Buyer with any notice or opportunity to cure.

10. *Seller's Capacity.* Buyer acknowledges that Seller entered into this Agreement solely in his capacity as Chapter 7 Trustee of the Estate and not in his individual capacity. This Agreement is "non-recourse" as to Seller and Buyer agrees to look solely to the Estate for satisfaction in the event of default or breach of any terms, covenants, and conditions of this Agreement. Buyer has no recourse to the property or assets of Seller personally.

11. *Miscellaneous.*

   a. *Governing Law; Venue.* The provisions of this Agreement will be governed by, and construed and enforced according to, the laws of the State of Nevada and applicable federal law. Any action or proceeding arising out of this Agreement will be brought in the United States Bankruptcy Court for the District of Nevada.

   b. *Attorneys' Fees.* If either party to this Agreement initiates or defends any legal action or proceeding with the other party in any way connected with this Agreement, the prevailing party in any such legal action or proceeding, in addition to any other relief which may be granted, shall be entitled to recover from the losing party in any such legal action or proceeding its reasonable costs and expenses of suit.

   c. *Remedies Cumulative.* All rights and remedies of any party hereto are cumulative of each other and of every other right or remedy such party has under this Agreement. The exercise of one or more rights or remedies shall not prejudice or impair the concurrent or subsequent exercise of other rights or remedies.

   d. *Successors and Assigns.* This Agreement will be binding upon and will inure to the benefit of the respective parties and their successors and assigns. Buyer's rights under this Agreement may not be assigned without the prior written consent of Seller except to Buyer's successors and assigns.

   e. *Construction.* Each party reviewed this Agreement and thus neither shall be deemed the drafter hereof; instead, this Agreement shall be interpreted in accordance with the fair meaning of its terms.

   f. *Time of Essence.* Time is of the essence for performance of any and all obligations and actions contained in this Agreement. Seller, in its sole discretion, may postpone the Closing Date; Buyer may not.

   g. *Counterparts.* This Agreement may be executed in any number of counterparts, each of which may be executed by only one party; together, these counterparts shall be said to constitute one instrument.

   h. *Severability; Enforcement.* Should any provision of this Agreement become or be declared illegal, unenforceable, or void, this Agreement shall continue in full force and effect without such provision; *provided* severability does not materially change the economic benefit of this Agreement to any party.

   i. *Entire Agreement; Amendment.* This Agreement is the entire agreement between the parties. All prior verbal and written understandings and agreements between the parties are merged in this Agreement, which alone fully and completely expresses the agreement of the parties. This Agreement may not be altered, amended, changed, waived, terminated or modified, except in writing.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

SELLER:
David A. Rosenberg, Trustee

/s/ David Rosenberg, Trustee
Date: 3-30-14

BUYER:
(print name) Wishing Well Property Investments, LLC Series 3

(signature) /s/
Date: 3/18/2014    signer: Danielle Roth